Mr. Justice Thachee.
delivered the opinion of the Court.
This was writ of error from -Yalabusha county Circuit Court.-
The promissory note, upon which this action was founded in the Court below, was made in favor of the Mississippi Union Bank, as a renewal of a promissory note upon which suit had been instituted by the said bank, and afterwards dismissed. It was proved to have been the practice of the bank to require of its debtors upon promissory notes the payment of two and one half per cent commissions on the amount renewed, to its attorney, as a'fee, and the costs of suit, after the institution of suit, upon the dismission of such suits, and the renewal of the notes upon which such suits were instituted. This requisition is claimed by the plaintiffs in error to be an usurious and illegal exaction.
Upon looking into the evidence proving the practice of the bank above referred to, it does not seem to render the bank liable to the penalties of usury. The plaintiffs in error might have paid the original note at its maturity, and avoided the requisition of the attorney’s fees for the institution of suit. It does not appear that any portion of the per centage required was received by the bank, and the fact of its payment for the behalf of the attorney seems' clearly to indicate that it was intended as a payment in consideration of the withdrawal of the 'suit and the prevention of litigation. It must be viewed not as a payment for the loan of money, but as the consideration in a bargain to withdraw legal proceedings. It was the amount of the expenses of the suit, and not required as the condition of the loan by the bank. . It therefore does not affect the loan with the taint of usury. Planters Bank v. Snodgrass, 4 H. 573; Cutler v. How, 8 Mass. 257.
The judgment of the Court below must therefore be affirmed.